IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,

                                 Criminal Action No.

        v.                        5:21-CR-162 (DNH)

RONALD JACKSON,

                   Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

**I.**    **Background**

On December 4, 2017, the defendant after pleading guilty to a single-count Indictment in the Eastern District of New York, charging him with Conspiracy to Distribute and Possession with Intent to Distribute Cocaine and Cocaine Base was sentenced to 70 months imprisonment and 4 years of supervised release.

After his release, his supervision was transferred to the Northern District of New York. *See* Dkt. at 1.  While on supervised release the defendant tested positive for marijuana use 6 times and a Petition detailing those violations was filed with the Court on October 19, 2021.  The defendant admitted the violations and was eventually sentenced on the violation on May 12, 2022, to a 1 day suspended sentence followed by 25 months of Supervised Release.

The defendant has filed a motion asking that this Court terminate his supervised release early.  In support of that motion, he argues that while he has not performed perfectly on supervision his violations are minor and he believes that supervision has "run its course" and he has no

vocational, housing, medical or other needs that would be advanced by staying on supervision.

*See*, Docket #15

## II.    Argument

### A.    Standard

In making its determination under18 U.S.C. § 3583(e)(1), the Court must consider certain

factors set forth in 18 U.S.C. 3553(a), namely:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant
> (2) the need for the sentence imposed—
> ***
>
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> ***
> (4) the kinds of sentence and the sentencing range established by [the United States Sentencing guidelines]—
> (5) any pertinent policy statement [issued by the Sentencing Commission];
> ***
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> ***
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)-(7).

Showing mere compliance with the existing terms of probation is insufficient to merit early

termination.  Rather, the Second Circuit recognizes that Section 3583(e) is designed "to account

for new or unforeseen circumstances."  *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).

Such "changed circumstances" may include "exceptionally good behavior by the defendant" if it

will "render a previously imposed term or condition of release either too harsh or inappropriately

tailored to serve the general punishment goals of section 3553(a)."  *Id.*

The law is clear that only "exceptional cases" involving "special, extraordinary, or unforeseen circumstance[s]" warrant early termination. *United States v. Bouchareb*, 76 F. Supp. 3d 478, 480 (S.D.N.Y. 2014) (quoting *United States v. Flores*, No. 99-cr-1110 (RWS), 2010 WL 2573385, at *1 (S.D.N.Y. June 28, 2010)). Thus, a defendant's full compliance with the terms and conditions of supervised release, standing alone, is insufficient. See *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule."); accord *United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law."); *United States v. Gonzales*, No. 94-cr-0134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015) (although defendant was a "model probationer," "present[ed] a low risk of recidivism," and "the deterrent value of his case [had] been fully realized," early termination was not appropriate).

I have spoken with the United States Probation Office and agree with their position that the defendant at a minimum needs to be 1 year removed from resolution of his violations (May 2023) and be able to demonstrate that he has successfully procured employment that enables him to sustain himself.

**III.    Conclusion**

In conclusion, the Government opposes early termination of supervised release on the following grounds:  (1) the defendant has failed to articulate exceptional or unusual circumstances warranting this remedy; (2) the defendant is less than a year removed from the resolution of his last violation and (3) the defendant has not established that he has in fact

procured employment that makes him self-sufficient and would therefore still benefit from supervision in this regard.

Dated:  January 10, 2023                    Respectfully submitted,

                                            Carla B. Freedman
                                            United States Attorney

                              By:    */s/ Geoffrey J. L. Brown*
                                     Geoffrey J. L. Brown
                                     Assistant United States Attorney
                                     Bar Roll No. 513495

4